1  Allen W. Estes III, WSBA #34526
   aestes@grsm.com
2  William M. Hughbanks, WSBA #45562
   whughbanks@grsm.com
3  Gordon Rees Scully Mansukhani, LLP
   421 W. Riverside Ave., Suite 1555
4  Spokane, WA 99201
   Telephone:  (206) 695-5100
5  Facsimile:   (206) 689-2822

6  *Attorneys for National Product Care
   Company, an Illinois Corporation, and*
7  *Virginia Surety Company, Inc., an Illinois
   corporation*

8

9

10          IN THE UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
11

12  LISA ANDERSON, an individual, on          Case No. 2:23-cv-00353
    behalf of herself and all others similarly
13  situated,                                 **DEFENDANTS' NOTICE OF
                                              REMOVAL**
14              Plaintiff,

15          v.

16  NATIONAL PRODUCT CARE
    COMPANY, an Illinois corporation,
17  and VIRGINIA SURETY COMPANY,
    INC., an Illinois corporation,
18
                Defendants.
19

20          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  EASTERN  DISTRICT  OF  WASHINGTON,  ALL  PARTIES,  AND  THEIR

22  ATTORNEYS OF RECORD:

23

24

25

26

NOTICE OF REMOVAL - 1
CASE NO. 2:23-cv-00353

1

2

3

4

5

6

7

8

9

      PLEASE TAKE NOTICE that defendants National Product Care Company ("NPCC") and Virginia Surety Company, Inc. ("VSCI") (together, "Defendants") hereby effect the removal of this action from the Superior Court of the State of Washington in and for the County of Spokane (the "Spokane County Superior Court) to the United States District Court for the Eastern District of Washington. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action where the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.

10

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

11

12

13

14

      1.     On or about October 27, 2023, plaintiff Lisa Anderson ("Plaintiff") filed a putative class action against NPCC and VSCI in Spokane County Superior Court. A true and correct copy of the Complaint is attached hereto as Exhibit A.

15

16

17

18

19

20

      2.     Plaintiff served a copy of the Complaint on the Insurance Commissioner of the State of Washington on November 3, 2023. VSCI was served with the Complaint and Summons on November 7, 2023. The documents that comprise Exhibit B constitute all process, pleadings, and orders served on VSCI as of the date of this filing. NPCC was served with the Complaint and Summons on November 16, 2023. The documents that comprise Exhibit C constitute all process, pleadings, and orders served on NPCC as of the date of this filing.

21

22

23

24

25

26

      3.     Anderson alleges that the Vehicle Care Protection Agreement ("VCP Agreement") she purchased from an automobile dealership, AutoNation, did not include certain disclosures required by RCW 48.110.075(2) were not included in the VCP Agreement. Anderson brings claims under the Washington Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and for common-law unjust

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

enrichment, and seeks to represent a putative class of Washington residents who purchased vehicle service contracts and protection product guarantees that CPAI provided and VSCI insured.

## REMOVAL IS TIMELY

4.     VSCI and NPCC were served with the Complaint and Summons on November 7 and November 16, respectively, 2023. *See* Exhibits B and C. Because this Notice of Removal is filed within 30 days of service of the Complaint and Summons, it is timely under 28 U.S.C. § 1446(b)(3), 1453. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) (holding that "the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent" like the Washington Office of Insurance Commissioner and instead begins only when the defendant actually receives the complaint).

## THE COURT HAS JURISDICTION PURSUANT TO CAFA

5.     The Complaint is removable because this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Federal courts may exercise diversity jurisdiction under CAFA where: (1) the case is a "class action" involving at least 100 putative class members; (2) the putative class consists of at least 100 members; (3) minimal diversity exists between the parties—in other words, at least one putative class member is a citizen of a state different from that of at least one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. *Id.*; *see also* 28 U.S.C. § 1441.

6.     Defendants dispute Plaintiff's allegations, including any claims that Defendants are liable for any wrongdoing or that Plaintiff could meet the standards of Fed. R. Civ. P. 23 or Wash. Super. Ct. R. 23 for any proposed class, no matter

NOTICE OF REMOVAL - 3
CASE NO. 2:23-cv-00353

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

how defined. Defendants reserve all rights in this regard—including but not limited to the right to contest the definition, scope, certifiability, and merits of the claims of the proposed classes as alleged in the Complaint—and no reference to or re-statement of Plaintiff's allegations herein shall constitute an admission of liability or damages. Nonetheless, as set forth below, reviewing the allegations in the Complaint for the limited purpose of determining federal jurisdiction, the size of the proposed class alleged, the diverse citizenship of Defendants vis-à-vis the named plaintiff, and the alleged value of the relief sought by Plaintiff satisfy CAFA's removal requirements.

### A.    More Than 100 Putative Class Members

7.    This action is a putative "class action" under CAFA because it was brought under Rule 23 of the Washington Superior Court Civil Rules (Ex. A, ¶ 5.11), authorizing a lawsuit to be brought as a class action. 28 U.S.C. § 1332(d); *see also* Ex. A, ¶ 1.2 ("Ms. Anderson brings this action against the above-captioned Defendants on behalf of herself and all other similarly situated …."); ¶ 5.2 ("This action is brought on behalf of a class . . . .").

8.    Specifically, Plaintiff states that she brings this action on behalf of a class preliminarily defined as, "[a]ll persons, as the term "person" is defined in RCW 19.86.010(1) . . . who paid for a vehicle "Service Contract," as that term is defined in RCW 48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW 3 48.110.020(11) . . . that was issued and/or sold by Defendant CPAI in Washington . . . in which the "Service Contract" or "Protection Product Guarantee" did not contain one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) — (vi) . . . within the four (4) years prior to the commencement of this lawsuit; through the date the class is certified." Ex. A ¶ 5.2.

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

1    9.    A removing defendant's notice of removal "'need not contain

2    evidentiary submissions' but only plausible allegations of the jurisdictional

3    elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)

4    (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). When a

5    defendant's allegations of removal jurisdiction are challenged, the defendant's

6    showing on the amount in controversy may rely on reasonable assumptions, and "an

7    assumption may be reasonable if it is founded on the allegations of the complaint."

8    *Arias*, 936 F.3d at 922, 925.

9    10.    Here, Plaintiff's own allegations—that "[t]he Defendants issued, sold,

10   or offered for sale VSCs [sic] Ms. Anderson and at least 100 other Washington

11   consumers through various entities"—make clear that Plaintiff's proposed class

12   includes at least 100 affected contract holders. Ex. A ¶ 4.19. Moreover, while

13   Defendants' investigation into this matter is ongoing, Defendants' preliminary

14   inquiry indicates that there are significantly more than 100 putative class members.

15   This action accordingly satisfies CAFA's requirement that the proposed class

16   contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

17       **B.    The Parties are Minimally Diverse**

18   11.    CAFA's minimal diversity requirement is satisfied when "any member

19   of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

20   § 1332(d)(2)(A); *see also Armstrong v. Argosy Educ. Grp. Inc.*, 2014 WL 12674280,

21   at *2 (W.D. Wash. Aug. 5, 2014) (explaining that "CAFA has no 'complete

22   diversity' or forum defendant rule, but rather a 'minimal diversity' requirement

23   which is satisfied wherever a single member of the proposed class is from a different

24   state than any defendant").

25

26

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

12.     Plaintiff alleges that she is a citizen of Washington. Ex. A ¶ 2.1.

13.     At the time of the filing of the Complaint and at the time of removal, Defendant NPCC was and is incorporated in Illinois with its headquarters and principal place of business in Illinois. Ex. A ¶ 2.2; *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

14.     At the time of the filing of the Complaint and at the time of removal, Defendant VSCI was and is incorporated in Illinois with its headquarters and principal place of business in Illinois. Ex. A ¶ 2.3.

15.     Thus, CAFA's minimal diversity requirement is satisfied because Plaintiff and Defendants CPAI and VSCI are citizens of different states. Ex. A, ¶¶ 2.1-2.3.

## C.     The Amount in Controversy Exceeds $5,000,000

16.      Defendants deny that Plaintiff or any of the putative class members are entitled to any relief. But without prejudice to their defenses in this action and without conceding any merit to Plaintiff's allegations, causes of action, or claims for damages, Plaintiff's allegations indicate that the amount purported to be in controversy exceeds the $5,000,000 threshold amount, exclusive of costs and interest, for removal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

17.     In calculating the potential amount in controversy under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Courts include actual damages, compensatory damages, treble damages, statutory penalties, costs of complying with an injunction, punitive damages, and attorneys' fees in the amount in controversy calculation. *See, e.g.*, *Trepanier v.*

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington  99201
(206) 695-5100

1    *Progressive Direct Ins. Co.*, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012)

2    ("[T]he amount in controversy includes not just actual damages, but also statutorily

3    authorized attorneys' fees and treble damages.").

4          18.    When a plaintiff fails to plead a specific dollar amount of damages and

5    the amount in controversy is not necessarily "facially apparent" from the complaint,

6    "the court may consider facts in the removal petition" to determine the amount at

7    issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A]

8    defendant's notice of removal need include only a plausible allegation that the

9    amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

10   *Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may

11   rely on a "reasonable" "chain of reasoning" that is based on "reasonable"

12   "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

13   *See also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n

14   *Arias* we held that a removing defendant's notice of removal need not contain

15   evidentiary submissions but only plausible allegations of jurisdictional elements")

16   (quotations and citations omitted).

17         19.    A notice of removal filed pursuant to CAFA "need include only a

18   plausible allegation that the amount in controversy exceeds the jurisdictional

19   threshold, and need not contain evidentiary submissions." *Copple v. Arthur J.*

20   *Gallegher & Co.*, 2022 WL 3357865, at *2 (W.D. Wash. Aug 2, 2022) (report and

21   recommendation; cleaned up) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,

22   1197 (9th Cir. 2015)).[1] That is because "[t]he amount in controversy is simply an

23   estimate of the total amount in dispute, not a prospective assessment of defendant's

24   liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

25

26   _____
[1] Neither party in *Copple* objected to Magistrate Vaughan's Report and Recommendation that remand should be denied. 2022 WL 4446127, at *1 (W.D. Wash. Sept. 12, 2022).

NOTICE OF REMOVAL - 7
CASE NO. 2:23-cv-00353

1    "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

2    controversy allegation should be accepted when not contested by the plaintiff or

3    questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

4        20.    <u>Actual Damages.</u> Plaintiff asserts violations of the Washington

5    Consumer Protection Act (the "CPA"), Ex. A ¶ 4.21, and seeks unspecified damages

6    for "injuries to their business and property." *Id.* ¶¶ 4.22, 6.7. In addition, Plaintiff

7    seeks "equitable restitution or disgorgement" of the amounts Defendants collected

8    in connection with the contracts at issue—in other words, the refund of all payments

9    collected for each service contract or protection product guarantee at issue. *Id.* ¶¶

10    4.24, 6.14, 7.3, 7.7.

11        21.    While Defendants' investigation into this matter is ongoing,

12    Defendants' preliminary inquiry indicates that more than 19,250 contracts are at

13    issue in this litigation.  The cost to customers of those contracts exceeded $7 million,

14    without including any damages for "injuries to . . . business and property" Plaintiff

15    seeks on behalf of herself and putative class members.

16        22.    <u>Treble Damages.</u> Plaintiff asserts a violation of the CPA, and seeks

17    exemplary damages. Ex. A ¶ 7.4. Under the CPA, the Court may increase the amount

18    of damages for each putative class member up to three times the actual damages, but

19    not more than $25,000 for each class member. RCW 19.86.090. Because Plaintiffs

20    have "put treble damages at issue . . . a reasonable estimate of those damages must

21    be included in the amount in controversy calculus." *Lewis v. Hartford Cas. Ins. Co.*,

22    2015 WL 4430971, at *2 (W.D. Wash. July 20, 2015); *Copple*, 2022 WL 3357865

23    at *4. "Where a statutory maximum is specified, courts may consider the maximum

24    statutory penalty available in determining whether the jurisdictional amount in

25    controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

26    1199, 1205 (E.D. Cal. 2008). Using the statutory maximum to evaluate the amount

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

in controversy, only 200 putative class members are necessary to satisfy the amount in controversy, without including any additional damages, disgorgement, costs of compliance, or attorneys' fees and costs. While Defendants' investigation into this matter is ongoing, Defendants' preliminary inquiry indicates that there are more than 19,250 putative class members, indicating an amount of controversy that significantly exceeds $5 million in exemplary damages alone.

23.    <u>Cost of Compliance.</u> Courts in this circuit also consider the costs of complying with requested injunctive relief when calculating the amount in controversy. Plaintiff seeks "an Order enjoining the Defendants from continuing, initiating, or reinitiating further violations of RCW 48.110 *et seq.*" Ex. A at 7.6. In other words, Plaintiff asks the Court to order Defendants to alter the terms of any "Service Contract" or "Protection Product Guarantee" sold in Washington that she alleges does not contain "mandatory consumer disclosures." Ex. A ¶¶ 5.2.2-.4.

24.    The costs to implement Plaintiff's requested injunction would be significant. Defendants would be required to develop new forms for all affected products, at an estimated cost of $10,000. In addition, Defendants would be required to expend approximately $2.18 per form in printing, labor, and mailing costs, to provide the revised forms to contract holders. As set forth above, Defendants estimate that there are at least 20,000 contracts, requiring an expenditure of more than $40,000. Accordingly, Defendants would be forced to expend more than $50,000 in out of pocket costs to comply with the injunction Plaintiff seeks.

25.    Defendants also would be required to obtain seller approval, revise other forms and materials in connection with the changes, and reconfigure client and dealership systems regarding the new forms, as well as other internal administrative functions, all of which will require significant labor and hard costs. Finally,

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington  99201
(206) 695-5100

1  Defendants' business would be disrupted by the injunction Plaintiff's seek, which
2  tends to increase contract cancellations and constitute a cost to Defendants.

3       26.    Attorneys' Fee and Costs. Finally, Plaintiff seeks "court costs and
4  attorneys' fees incurred by the Plaintiff in this action as provided by applicable
5  statutes." Ex. A ¶ 7.5. As with treble damages, a removing party need only show
6  estimated attorney fees are reasonable. *Copple*, 2022 WL 3357865 at *5. Courts
7  have, for removal analysis purposes in CPA actions, contemplated attorneys' fees in
8  amounts of 25% of the total class recovery. *See, e.g.*, *Dawsey v. Travelers Indem.*
9  *Co.*, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015); *Copple*, 2022 WL
10 3357865 at *7; *see also Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003)
11 ("This circuit has established 25% of the common fund as a benchmark award for
12 attorney fees."); *Berry v. Transdev Servs., Inc.*, 2016 WL 11261499, at *4-5 (W.D.
13 Wash. Jan. 11, 2016) (finding amount in controversy exceeded $5 million with
14 consideration of attorney fees equal to 25% of the compensatory damages).

15      27.    Without considering attorneys' fees, the amount in controversy here
16 far exceeds $5 million. However, even if Plaintiff alleged only $4 million in
17 aggregate actual damages, cost of injunctive relief, and exemplary damages, the
18 amount in controversy would be satisfied by estimating attorneys' fees and costs at
19 20% of the class recovery.

20      28.    Defendants reserve the right to present additional evidentiary support
21 should Plaintiff challenge federal jurisdiction, including whether the jurisdictional
22 amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89
23 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only
24 when the plaintiff contests, or the court questions, the defendant's allegation" that
25 the amount in controversy exceeds the jurisdictional threshold).

26

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington 99201
(206) 695-5100

## **OTHER REQUIREMENTS FOR REMOVAL ARE MET**

29.     The United States District Court for the Eastern District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in the Spokane County Superior Court. See 28 U.S.C. §§ 128(b), 1441(a).

30.     Defendants will promptly serve notice of removal on Plaintiff and will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of Washington for the County of Spokane, in which the action is pending, as required under 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

31.     Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants is hereto as Exhibits A through C. In the event additional process, pleadings, or orders are served on any of the Defendants, Defendants shall promptly provide this Court with true and correct copies of all such papers.

32.     No previous application has been made for the relief sought herein.

33.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense. Defendants reserve the right to assert all applicable claims and defenses in response to the Complaint.

## **CONCLUSION**

For the foregoing reasons, VSCI and NPCC respectfully submit that this action is properly removed from the Superior Court of the State of Washington for the County of Spokane to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present briefing, additional evidence, and oral argument in support of its position that this

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington  99201
(206) 695-5100

1  case has been properly removed. Defendants further reserve the right to amend or
2  supplement this Notice of Removal to assert additional bases for federal jurisdiction.
3       WHEREFORE, VSCI and NPCC hereby remove this action, now pending in
4  the Superior Court of the State of Washington for the County of Spokane, Case No.
5  232 04558-32, to the United States District Court for the Eastern District of
6  Washington.

7

8  Dated:  December 4, 2023          GORDON REES SCULLY MANSUKHANI,
9                                      LLP

10                     By:  */s/ Allen W. Estes, III*
11                            Allen W. Estes III, WSBA #34526

12                     By:  */s/ William M. Hughbanks*
                          William M. Hughbanks, WSBA #45562

13                421 W. Riverside Ave., Suite 1555
14                Spokane, WA 99201
              Telephone:  (206) 695-5100
15                Facsimile:   (206) 689-2822

16                *Attorneys for National Product Care Company,*
17                *an Illinois Corporation, and Virginia Surety*
              *Company, Inc., an Illinois corporation*

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM / ECF system.

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
Cameron Sutherland, PLLC
421 W. Riverside, Ste. 660
Spokane, Washington 99201

☐ USDC ECF
☒ Legal Messenger
☒ Hand Delivery
☒ Email

*Counsel for Plaintiff*

SIGNED this 4th day of December, 2023.

*s/ William M. Hughbanks*
William M. Hughbanks, Attorney
Email:  whughbanks@grsm.com

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, Washington  99201
(206) 695-5100

# EXHIBIT A

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023

TIME: _8am_

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, | Case No. **232 04558-32** |
| Plaintiff, | **CLASS COMPLAINT** |
| vs. | |
| NATIONAL PRODUCT CARE COMPANY, an Illinois corporation, and VIRGINIA SURETY COMPANY, INC., an Illinois corporation; | |
| Defendants. | |

COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for causes of action against the above-named Defendants, complains and alleges as follows:

## I. INTRODUCTION

1.1    This action involves a vehicle service contract provider that issues, sells, or offers for sale various service contracts (VSCs) and/or protection product guarantees (PPGs) without providing or affirming important consumer disclosures as required by Washington law. RCW 48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1        1.2     Ms. Anderson brings this action against the above-captioned Defendants on

2 behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and

3 any other relief the court deems just and proper for the Defendants' violations of Washington's

4 Consumer Protection Act (CPA), RCW 19.86, *et seq*., vis-à-vis their violations of Washington's

5 Service Contract Providers Act (SCPA), RCW 48.110, *et seq*.  Ms. Anderson also seeks

6 injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business

7 practices that violate Washington's consumer protection standards and statutory requirements.

8                       **II. IDENTITY OF PARTIES**

9        2.1     Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington,

10 who purchased the VSC at issue in Spokane County in conjunction with a vehicle purchase from

11 an Autonation dealership in Spokane Valley, Washington.

12        2.2     Defendant NATIONAL PRODUCT CARE COMPANY (NPCC), is an Illinois

13 corporation that is engaged in the issue, sale, and servicing of VSCs throughout Washington,

14 including those issued and sold to Ms. Anderson.  NPCC is a "service contract provider" as that

15 term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is

16 defined under RCW 48.110.020(21).  Ms. Anderson is entitled to bring an action against a VSC

17 and/or PPG provider and/or seller pursuant to RCW 48.110.140.

18        2.3     Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois

19 corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by

20 Defendant NPCC in Washington.  Ms. Anderson is entitled to bring an action against an insurer

21 issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW

22 48.110.140.

23 ///

24 ///

25 ///

COMPLAINT FOR DAMAGES - Page 2 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## III. STATEMENT OF JURISDICTION AND VENUE

3.1     This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2     Venue is proper in this Court pursuant to RCW 4.12.020.

## IV. FACTUAL BACKGROUND

4.1     The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.2, above.

4.2     On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in Spokane Valley, Washington.

4.3     In conjunction with the sale of the Range Rover, the dealership issued, sold and/or offered to sell to Ms. Anderson a VSC branded as "AutoNation Tire & Wheel Protection" on behalf of Defendant NPCC, which was priced at $1,269.

4.4     At times relevant to this action, Defendant NPCC was insured by Defendant VA Surety, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies required under RCW 48.110.055.

4.5     The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any statement initialed by the service contract holder disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

COMPLAINT FOR DAMAGES - Page 3 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    4.6    RCW 48.110.075(2)(e)(i) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.7    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the work and parts covered by the

6    contract.

7    4.8    RCW 48.110.075(2)(e)(ii) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.9    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

11    statement initialed by the service contract holder disclosing any time or mileage limitations.

12    4.10    RCW 48.110.075(2)(e)(iii) states that VSCs "shall not be issued, sold, or offered

13    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

14    as referenced in the preceding paragraph.

15    4.11    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

16    statement initialed by the service contract holder disclosing that the implied warranty of

17    merchantability on the vehicle is not waived if the contract has been purchased within ninety

18    days of the purchase date of the vehicle from a provider or service contract seller who also sold

19    the vehicle covered by the contract.

20    4.12    RCW 48.110.075(2)(e)(iv) states that VSCs "shall not be issued, sold, or offered

21    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

22    as referenced in the preceding paragraph.

23    4.13    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

24    statement initialed by the service contract holder disclosing any exclusions of coverage.

25

COMPLAINT FOR DAMAGES - Page 4 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    4.14    RCW 48.110.075(2)(e)(v) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.15    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the contract holder's right to return

6    the contract for a refund.

7    4.16    RCW 48.110.075(2)(e)(vi) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.17    "Services provided pursuant to a protection product guarantee" are included

11    within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the

12    corresponding statutory provisions of RCW 48.110, *et seq.*

13    4.18    The statutory requirement that VSCs contain initialed consumer disclosures as a

14    prerequisite to being "issued, sold, of offered for sale" to consumers in Washington imposes an

15    obligation on sellers, providers, issuers, and their insurers to ensure meaningful disclosure of

16    product limitations, consumer rights, and available remedies.

17    4.19    The Defendants issued, sold, or offered for sale VSCs Ms. Anderson and at least

18    100 other Washington consumers through various entities without fulfilling the statutory

19    prerequisites to issuing, selling, or offering these products for sale, rendering them void *ab initio*.

20    4.20    The Defendants profited from their illegal sale and issue of noncompliant VSCs to

21    Washington consumers, including Ms. Anderson.

22    4.21    The Defendants' actions and inactions constitute violations of Washington's

23    Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act

24    (CPA), RCW 19.86, *et seq.*

25

COMPLAINT FOR DAMAGES - Page 5 of 10

1    4.22    The Defendants' actions and inactions caused Ms. Anderson and other

2 Washington consumers to suffer injuries to their business and property in an amount to be

3 proven at trial.

4    4.23    In addition to an award of damages, Ms. Anderson seeks an order enjoining the

5 Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

6    4.24    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable

7 restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of

8 noncompliant VSCs and PPGs to Washington consumers.

9    4.25    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action

10 against Defendant Virginia Surety Company, Inc., as the insurer issuing the applicable service

11 contract and/or protection product guarantee reimbursement insurance policy.

12                            **V.  CLASS ALLEGATIONS**

13    5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

14 1.1 through 4.25, above.

15    5.2    This action is brought on behalf of a class consisting of:

16        5.2.1    All persons, as the term "person" is defined in RCW 19.86.010(1);

17        5.2.2    who paid for a vehicle "Service Contract," as that term is defined in RCW

18    48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW

19    48.110.020(11);

20        5.2.3    that was issued and/or sold by Defendant NWS in Washington;

21        5.2.4    in which the "Service Contract" or "Protection Product Guarantee" did not

22 contain one or more of the mandatory consumer disclosures enumerated in RCW

23    48.110.075(2)(e)(i) – (vi);

24        5.2.5    within the four (4) years prior to the commencement of this lawsuit;

25        5.2.6    through the date the class is certified.

COMPLAINT FOR DAMAGES - Page 6 of 10

5.3     The Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4     The Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

5.5     Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

5.6     The identities of all class members are readily ascertainable from the transaction records of the Defendants.

5.7     Excluded from the class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

5.8     A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9     Class-wide damages are essential to induce the Defendants to comply with the law.

5.10     The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amounts of damages suffered by each individual class member is relatively small.

5.11     Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil Rules is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

COMPLAINT FOR DAMAGES - Page 7 of 10

1

## VI. CLAIMS FOR RELIEF

2

### Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, et seq.

3      6.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

4  1.1 through 5.11, above.

5      6.2    The Defendants, through their conduct, have engaged in unfair and/or deceptive

6  acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW

7  19.86, et seq.

8      6.3    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

9  48.110, et seq., constitutes unfair and/or deceptive acts and/or practices in trade or commerce

10  and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

11      6.4    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

12  48.110, et seq., involves matters vitally affecting the public interest for the purpose of applying

13  the Consumer Protection Act, RCW 19.86, et seq.

14      6.5    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

15  48.110, et seq., is not reasonable in relation to the development and preservation of business.

16      6.6    Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter

17  constitute violations of RCW 19.86, et seq.

18      6.7    The Defendants' conduct has caused injury to the Plaintiff in her business and/or

19  property.

20      6.8    The Defendants' actions, committed in violation of its legal obligations, warrant

21  exemplary damages as provided by RCW 19.86.090.

22      6.9    As a result of these violations and injuries, and pursuant to RCW 19.86.090, the

23  Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating

24  her claims before the court.

25

COMPLAINT FOR DAMAGES - Page 8 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.315.4507

6.10    In addition to her request for an award of damages, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

### Second Cause of Action:
### Unjust Enrichment

6.11    The Defendants received cash benefits through their illegal sale and issue of noncompliant VSCs to Washington consumers, including the Plaintiff.

6.12    The cash benefits received by the Defendants through their illegal sale and issue of noncompliant VSCs were garnered at the expense of Washington consumers, including the Plaintiff.

6.13    It would be manifestly unjust for the Defendants to retain the cash benefits garnered through their illegal sale and issue of noncompliant VSCs.

6.14    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal sale and issue of noncompliant VSCs to Washington consumers.

### VI. RELIEF REQUESTED

WHEREFORE, the Plaintiff prays for relief as follows:

7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation of Washington law are void *ab initio*;

7.3    For disgorgement and/or refund of amounts received from consumers for VSC and PPG products that were issued, sold, or offered for sale in violation of Washington law, for each member of the putative class;

7.4    For exemplary damages pursuant to RCW 19.86.090;

COMPLAINT FOR DAMAGES - Page 9 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as

2    provided by applicable statutes;

3    7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating

4    further violations of RCW 48.110, *et seq*.

5    7.7    For restitution and/or disgorgement of monies garnered by the Defendants

6    through their prohibited conduct.

7    7.8    For such other relief as the Court may deem just and equitable.

8

9

10

11    DATED this _27th_ day of _October_ _____, 2023.

12

13    CAMERON SUTHERLAND, PLLC

14

15    SHAYNE SUTHERLAND, WSBA #44593
      BRIAN CAMERON, WSBA #44905
16    *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

# EXHIBIT B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 27964012**
**Date Processed: 11/07/2023**

| | |
|---|---|
| **Primary Contact:** | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Cir SE<br>Atlanta, GA 30339-2210 |

| | |
|---|---|
| **Entity:** | Virginia Surety Company, Inc.<br>Entity ID Number  2148744 |
| **Entity Served:** | Virginia Surety Company Inc |
| **Title of Action:** | Lisa Anderson vs. National Product Care Company |
| **Matter Name/ID:** | Lisa Anderson vs. National Product Care Company (14826552) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Spokane County Superior Court, WA |
| **Case/Reference No:** | 23204558-32 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 11/07/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Insurance Commissioner in WA 11/03/2023 |
| **How Served:** | Certified Mail |
| Sender Information: | Cameon Sutherland, PLLC<br>509-315-4507 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



Phone: 360-725-7000
www.insurance.wa.gov

**OFFICE OF**
# INSURANCE COMMISSIONER

Certificate number **25982** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 11/03/2023 |
| Certificate Issued: | 11/03/2023 |
| Issued By: | Kaitlin Seymour |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70153010000234597856 |
| Service Requested Upon: | VIRGINIA SURETY COMPANY INC |
| | CORPORATION SERVICE COMPANY |
| | MC-CSC1 |
| | 300 DESCHUTES WAY SW SUITE 208 |
| | TUMWATER, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | BRIAN CAMERON |
| | CAMERON SUTHERLAND PLLC |
| | 421 W RIVERSIDE AVE STE 660 |
| | SPOKANE, WA 99201 US |
| | 509-315-4507 |
| | INFO@CAMERONSUTHERLAND.COM |
| Case Number: | 23-2-04558-32 |
| Plaintiff: | LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, |
| Defendant: | NATIONAL PRODUCT CARE COMPANY, an Illinois corporation, and VIRGINIA SURETY COMPANY, INC., an Illinois corporation; |
| Documents: | SUMMONS |
| | CLASS COMPLAINT |
| Copies Sent To: | BRIAN CAMERON |
| | VIRGINIA SURETY COMPANY INC |

Mailing Address: P.O. Box 40255 Olympia, WA 98504-0255
Phone: (360)725-7009 Email: SOP@oic.wa.gov

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023

TIME: _8am_

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

LISA ANDERSON, an individual, on
behalf of herself and all others similarly
situated,

             Plaintiff,

vs.

NATIONAL PRODUCT CARE
COMPANY, an Illinois corporation, and
VIRGINIA SURETY COMPANY, INC.,
an Illinois corporation;

Defendants;

             Defendants.

Case No.   232 04558-32

SUMMONS

TO:        NATIONAL PRODUCT CARE COMPANY, Defendant
AND TO:    VIRGINIA SURETY COMPANY, Defendant

       A lawsuit has been started against you in the above-entitled court by LISA ANDERSON,

Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served

upon you with this Summons.

       In order to defend against this lawsuit, you must respond to this Complaint by stating

your defenses in writing, and by serving a copy upon the person signing this Summons within

SUMMONS - Page 1 of 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1   twenty (20) days after the service of this Summons if served within the State of Washington, or

2   within sixty (60) days after service, if served outside the State of Washington, excluding the date

3   of service, or a default judgment may be entered against you without notice. A default judgment

4   is one where the Plaintiff is entitled to what he or she asks for because you have not responded.

5   If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a

6   default judgment may be entered.

7        You may demand that the Plaintiff files this lawsuit with the court. If you do so, the

8   demand must be in writing and must be served upon the person signing this Summons. Within

9   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

10  or the service on you of this Summons and Complaint will be void.

11       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

12  that your written response, if any, may be served on time. This Summons is issued pursuant to

13  Rule 4 of the Superior Court Civil Rules of the State of Washington.

14

15  DATED this _27th_ day of _October_____, 2023.

16

17

18                                CAMERON SUTHERLAND, PLLC

19

20                                SHAYNE SUTHERLAND, WSBA #44593
                                  BRIAN CAMERON, WSBA #44905
21                                *Attorneys for Plaintiff*

22

23

24

25

SUMMONS - Page 2 of 2                              Cameron Sutherland, PLLC
                                                   421 W. Riverside Ave., Ste. 660
                                                   Spokane, WA 99201
                                                   TEL. 509.315.4507
                                                   FAX 509.315.4585

1
2
3
4
5

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023

TIME: _8am_

6   **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
    **IN AND FOR THE COUNTY OF SPOKANE**
7

8   LISA ANDERSON, an individual, on          Case No. **23 2 04558-32**
    behalf of herself and all others similarly
9   situated,                                 **CLASS COMPLAINT**

10                  Plaintiff,

11  vs.

12  NATIONAL PRODUCT CARE
    COMPANY, an Illinois corporation, and
13  VIRGINIA SURETY COMPANY, INC.,
    an Illinois corporation;
14
                    Defendants.
15

16

17          COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others

18  similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for

19  causes of action against the above-named Defendants, complains and alleges as follows:

20                              **I. INTRODUCTION**

21          1.1     This action involves a vehicle service contract provider that issues, sells, or offers

22  for sale various service contracts (VSCs) and/or protection product guarantees (PPGs) without

23  providing or affirming important consumer disclosures as required by Washington law.  RCW

24  48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale

25  any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1.2     Ms. Anderson brings this action against the above-captioned Defendants on behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and any other relief the court deems just and proper for the Defendants' violations of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis-à-vis their violations of Washington's Service Contract Providers Act (SCPA), RCW 48.110, *et seq.* Ms. Anderson also seeks injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business practices that violate Washington's consumer protection standards and statutory requirements.

## II. IDENTITY OF PARTIES

2.1     Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington, who purchased the VSC at issue in Spokane County in conjunction with a vehicle purchase from an Autonation dealership in Spokane Valley, Washington.

2.2     Defendant NATIONAL PRODUCT CARE COMPANY (NPCC), is an Illinois corporation that is engaged in the issue, sale, and servicing of VSCs throughout Washington, including those issued and sold to Ms. Anderson. NPCC is a "service contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is defined under RCW 48.110.020(21). Ms. Anderson is entitled to bring an action against a VSC and/or PPG provider and/or seller pursuant to RCW 48.110.140.

2.3     Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by Defendant NPCC in Washington. Ms. Anderson is entitled to bring an action against an insurer issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW 48.110.140.

///

///

///

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

### III. STATEMENT OF JURISDICTION AND VENUE

3.1    This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2    Venue is proper in this Court pursuant to RCW 4.12.020.

### IV. FACTUAL BACKGROUND

4.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.2, above.

4.2    On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in Spokane Valley, Washington.

4.3    In conjunction with the sale of the Range Rover, the dealership issued, sold and/or offered to sell to Ms. Anderson a VSC branded as "AutoNation Tire & Wheel Protection" on behalf of Defendant NPCC, which was priced at $1,269.

4.4    At times relevant to this action, Defendant NPCC was insured by Defendant VA Surety, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies required under RCW 48.110.055.

4.5    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any statement initialed by the service contract holder disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

COMPLAINT FOR DAMAGES - Page 3 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    4.6    RCW 48.110.075(2)(e)(i) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.7    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the work and parts covered by the

6    contract.

7    4.8    RCW 48.110.075(2)(e)(ii) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.9    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

11    statement initialed by the service contract holder disclosing any time or mileage limitations.

12    4.10    RCW 48.110.075(2)(e)(iii) states that VSCs "shall not be issued, sold, or offered

13    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

14    as referenced in the preceding paragraph.

15    4.11    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

16    statement initialed by the service contract holder disclosing that the implied warranty of

17    merchantability on the vehicle is not waived if the contract has been purchased within ninety

18    days of the purchase date of the vehicle from a provider or service contract seller who also sold

19    the vehicle covered by the contract.

20    4.12    RCW 48.110.075(2)(e)(iv) states that VSCs "shall not be issued, sold, or offered

21    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

22    as referenced in the preceding paragraph.

23    4.13    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

24    statement initialed by the service contract holder disclosing any exclusions of coverage.

25

COMPLAINT FOR DAMAGES - Page 4 of 10

1    4.14    RCW 48.110.075(2)(e)(v) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.15    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the contract holder's right to return

6    the contract for a refund.

7    4.16    RCW 48.110.075(2)(e)(vi) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.17    "Services provided pursuant to a protection product guarantee" are included

11    within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the

12    corresponding statutory provisions of RCW 48.110, *et seq.*

13    4.18    The statutory requirement that VSCs contain initialed consumer disclosures as a

14    prerequisite to being "issued, sold, of offered for sale" to consumers in Washington imposes an

15    obligation on sellers, providers, issuers, and their insurers to ensure meaningful disclosure of

16    product limitations, consumer rights, and available remedies.

17    4.19    The Defendants issued, sold, or offered for sale VSCs Ms. Anderson and at least

18    100 other Washington consumers through various entities without fulfilling the statutory

19    prerequisites to issuing, selling, or offering these products for sale, rendering them void *ab initio.*

20    4.20    The Defendants profited from their illegal sale and issue of noncompliant VSCs to

21    Washington consumers, including Ms. Anderson.

22    4.21    The Defendants' actions and inactions constitute violations of Washington's

23    Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act

24    (CPA), RCW 19.86, *et seq.*

25

COMPLAINT FOR DAMAGES - Page 5 of 10

4.22    The Defendants' actions and inactions caused Ms. Anderson and other

Washington consumers to suffer injuries to their business and property in an amount to be

proven at trial.

4.23    In addition to an award of damages, Ms. Anderson seeks an order enjoining the

Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

4.24    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable

restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of

noncompliant VSCs and PPGs to Washington consumers.

4.25    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action

against Defendant Virginia Surety Company, Inc., as the insurer issuing the applicable service

contract and/or protection product guarantee reimbursement insurance policy.

## V.  CLASS ALLEGATIONS

5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

1.1 through 4.25, above.

5.2    This action is brought on behalf of a class consisting of:

5.2.1    All persons, as the term "person" is defined in RCW 19.86.010(1);

5.2.2    who paid for a vehicle "Service Contract," as that term is defined in RCW

48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW

48.110.020(11);

5.2.3    that was issued and/or sold by Defendant NWS in Washington;

5.2.4    in which the "Service Contract" or "Protection Product Guarantee" did not

contain one or more of the mandatory consumer disclosures enumerated in RCW

48.110.075(2)(e)(i) – (vi);

5.2.5    within the four (4) years prior to the commencement of this lawsuit;

5.2.6    through the date the class is certified.

COMPLAINT FOR DAMAGES - Page 6 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

5.3    The Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4    The Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

5.5    Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

5.6    The identities of all class members are readily ascertainable from the transaction records of the Defendants.

5.7    Excluded from the class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

5.8    A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9    Class-wide damages are essential to induce the Defendants to comply with the law.

5.10    The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amounts of damages suffered by each individual class member is relatively small.

5.11    Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil Rules is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

# VI.  CLAIMS FOR RELIEF

## Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.1     The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 5.11, above.

6.2     The Defendants, through their conduct, have engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.3     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, involves matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86, *et seq.*

6.5     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, is not reasonable in relation to the development and preservation of business.

6.6     Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter constitute violations of RCW 19.86, *et seq.*

6.7     The Defendants' conduct has caused injury to the Plaintiff in her business and/or property.

6.8     The Defendants' actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.9     As a result of these violations and injuries, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating her claims before the court.

COMPLAINT FOR DAMAGES - Page 8 of 10

6.10    In addition to her request for an award of damages, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

<u>**Second Cause of Action:**</u>
<u>**Unjust Enrichment**</u>

6.11    The Defendants received cash benefits through their illegal sale and issue of noncompliant VSCs to Washington consumers, including the Plaintiff.

6.12    The cash benefits received by the Defendants through their illegal sale and issue of noncompliant VSCs were garnered at the expense of Washington consumers, including the Plaintiff.

6.13    It would be manifestly unjust for the Defendants to retain the cash benefits garnered through their illegal sale and issue of noncompliant VSCs.

6.14    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal sale and issue of noncompliant VSCs to Washington consumers.

## VI. RELIEF REQUESTED

WHEREFORE, the Plaintiff prays for relief as follows:

7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation of Washington law are void *ab initio*;

7.3    For disgorgement and/or refund of amounts received from consumers for VSC and PPG products that were issued, sold, or offered for sale in violation of Washington law, for each member of the putative class;

7.4    For exemplary damages pursuant to RCW 19.86.090;

COMPLAINT FOR DAMAGES - Page 9 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as

2  provided by applicable statutes;

3    7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating

4  further violations of RCW 48.110, *et seq.*

5    7.7    For restitution and/or disgorgement of monies garnered by the Defendants

6  through their prohibited conduct.

7    7.8    For such other relief as the Court may deem just and equitable.

8

9

10

11    DATED this *27th* day of *October*                              , 2023.

12

13                              CAMERON SUTHERLAND, PLLC

14

15                              SHAYNE SUTHERLAND, WSBA #44593
                                BRIAN CAMERON, WSBA #44905
16                              *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507



OFFICE OF THE INSURANCE
COMMISSIONER

P.O. BOX 40255
OLYMPIA, WA 98504-0255

155

7015 3010 0002 3459 7856

FIRST CLASS

US POSTAGE PB PITNEY BOWES

ZIP 98501 $ 006.18⁰
02 4W
0000354556 NOV. 03. 2023

VIRGINIA SURETY COMPANY INC
CORPORATION SERVICE COMPANY
MC-CSC1 300 DESCHUTES WAY
SUITE 208
TUMWATER WA 98501-7719

# EXHIBIT C

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



Phone: 360-725-7000
www.insurance.wa.gov

**OFFICE OF**
## INSURANCE COMMISSIONER

Certificate number **25981** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 11/03/2023 |
| Certificate Issued: | 11/03/2023 |
| Issued By: | Kaitlin Seymour  |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70153010000234597801 |
| Service Requested Upon: | NATIONAL PRODUCT CARE COMPANY |
| | 175 WEST JACKSON BLVD 12TH FLOOR |
| | CHICAGO, IL 60604 US |
| Authorized in Washington: | Yes |
| Attorney Details: | BRIAN CAMERON |
| | CAMERON SUTHERLAND PLLC |
| | 421 W RIVERSIDE AVE STE 660 |
| | SPOKANE, WA 99201 US |
| | 509-315-4507 |
| | INFO@CAMERONSUTHERLAND.COM |
| Case Number: | 23-2-04558-32 |
| Plaintiff: | LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, |
| Defendant: | NATIONAL PRODUCT CARE COMPANY, an Illinois corporation, and VIRGINIA SURETY COMPANY, INC., an Illinois corporation; |
| Documents: | SUMMONS |
| | CLASS COMPLAINT |
| Copies Sent To: | BRIAN CAMERON |
| | NATIONAL PRODUCT CARE COMPANY |

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023

TIME: _____

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, | Case No. 232 04558-32 |
| Plaintiff, | **SUMMONS** |
| vs. | |
| NATIONAL PRODUCT CARE COMPANY, an Illinois corporation, and VIRGINIA SURETY COMPANY, INC., an Illinois corporation; | |
| Defendants; | |
| Defendants. | |

TO:            NATIONAL PRODUCT CARE COMPANY, Defendant
AND TO:      VIRGINIA SURETY COMPANY, Defendant

    A lawsuit has been started against you in the above-entitled court by LISA ANDERSON, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to this Complaint by stating your defenses in writing, and by serving a copy upon the person signing this Summons within

SUMMONS - Page 1 of 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1   twenty (20) days after the service of this Summons if served within the State of Washington, or

2   within sixty (60) days after service, if served outside the State of Washington, excluding the date

3   of service, or a default judgment may be entered against you without notice.  A default judgment

4   is one where the Plaintiff is entitled to what he or she asks for because you have not responded.

5   If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a

6   default judgment may be entered.

7            You may demand that the Plaintiff files this lawsuit with the court.  If you do so, the

8   demand must be in writing and must be served upon the person signing this Summons.  Within

9   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

10  or the service on you of this Summons and Complaint will be void.

11           If you wish to seek the advice of an attorney in this matter, you should do so promptly so

12  that your written response, if any, may be served on time.  This Summons is issued pursuant to

13  Rule 4 of the Superior Court Civil Rules of the State of Washington.

14

15  DATED this 27ᵗʰ day of _____October_____, 2023.

16

17

18                              CAMERON SUTHERLAND, PLLC

19

20                              SHAYNE SUTHERLAND, WSBA #44593
21                              BRIAN CAMERON, WSBA #44905
                                *Attorneys for Plaintiff*
22

23

24

25

SUMMONS - Page 2 of 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023
TIME: 8am

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

LISA ANDERSON, an individual, on
behalf of herself and all others similarly
situated,

                 Plaintiff,

vs.

NATIONAL PRODUCT CARE
COMPANY, an Illinois corporation, and
VIRGINIA SURETY COMPANY, INC.,
an Illinois corporation;

                 Defendants.

Case No. **232 04558-32**

**CLASS COMPLAINT**

COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others

similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for

causes of action against the above-named Defendants, complains and alleges as follows:

### I. INTRODUCTION

     1.1    This action involves a vehicle service contract provider that issues, sells, or offers

for sale various service contracts (VSCs) and/or protection product guarantees (PPGs) without

providing or affirming important consumer disclosures as required by Washington law. RCW

48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale

any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1        1.2      Ms. Anderson brings this action against the above-captioned Defendants on

2   behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and

3   any other relief the court deems just and proper for the Defendants' violations of Washington's

4   Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis-à-vis their violations of Washington's

5   Service Contract Providers Act (SCPA), RCW 48.110, *et seq.* Ms. Anderson also seeks

6   injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business

7   practices that violate Washington's consumer protection standards and statutory requirements.

8                              **II. IDENTITY OF PARTIES**

9        2.1      Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington,

10   who purchased the VSC at issue in Spokane County in conjunction with a vehicle purchase from

11   an Autonation dealership in Spokane Valley, Washington.

12        2.2      Defendant NATIONAL PRODUCT CARE COMPANY (NPCC), is an Illinois

13   corporation that is engaged in the issue, sale, and servicing of VSCs throughout Washington,

14   including those issued and sold to Ms. Anderson. NPCC is a "service contract provider" as that

15   term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is

16   defined under RCW 48.110.020(21). Ms. Anderson is entitled to bring an action against a VSC

17   and/or PPG provider and/or seller pursuant to RCW 48.110.140.

18        2.3      Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois

19   corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by

20   Defendant NPCC in Washington. Ms. Anderson is entitled to bring an action against an insurer

21   issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW

22   48.110.140.

23   ///

24   ///

25   ///

COMPLAINT FOR DAMAGES - Page 2 of 10

1

### III. STATEMENT OF JURISDICTION AND VENUE

2       3.1    This Court has jurisdiction over the parties to this action pursuant to RCW

3  4.28.080 and 4.28.185.

4       3.2    Venue is proper in this Court pursuant to RCW 4.12.020.

5

### IV. FACTUAL BACKGROUND

6       4.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

7  1.1 through 3.2, above.

8       4.2    On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range

9  Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in

10  Spokane Valley, Washington.

11       4.3    In conjunction with the sale of the Range Rover, the dealership issued, sold and/or

12  offered to sell to Ms. Anderson a VSC branded as "AutoNation Tire & Wheel Protection" on

13  behalf of Defendant NPCC, which was priced at $1,269.

14       4.4    At times relevant to this action, Defendant NPCC was insured by Defendant VA

15  Surety, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies

16  required under RCW 48.110.055.

17       4.5    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

18  statement initialed by the service contract holder disclosing material conditions that the service

19  contract holder must meet to maintain coverage under the contract including, but not limited to,

20  any maintenance schedule to which the service contract holder must adhere, any requirement

21  placed on the service contract holder for documenting repair or maintenance work, any duty to

22  protect against any further damage, and any procedure to which the service contract holder must

23  adhere for filing claims.

24

25

COMPLAINT FOR DAMAGES - Page 3 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    4.6    RCW 48.110.075(2)(e)(i) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.7    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the work and parts covered by the

6    contract.

7    4.8    RCW 48.110.075(2)(e)(ii) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.9    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

11    statement initialed by the service contract holder disclosing any time or mileage limitations.

12    4.10    RCW 48.110.075(2)(e)(iii) states that VSCs "shall not be issued, sold, or offered

13    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

14    as referenced in the preceding paragraph.

15    4.11    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

16    statement initialed by the service contract holder disclosing that the implied warranty of

17    merchantability on the vehicle is not waived if the contract has been purchased within ninety

18    days of the purchase date of the vehicle from a provider or service contract seller who also sold

19    the vehicle covered by the contract.

20    4.12    RCW 48.110.075(2)(e)(iv) states that VSCs "shall not be issued, sold, or offered

21    for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement

22    as referenced in the preceding paragraph.

23    4.13    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

24    statement initialed by the service contract holder disclosing any exclusions of coverage.

25

COMPLAINT FOR DAMAGES - Page 4 of 10

1    4.14    RCW 48.110.075(2)(e)(v) states that VSCs "shall not be issued, sold, or offered

2    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

3    as referenced in the preceding paragraph.

4    4.15    The VSC branded as "AutoNation Tire & Wheel Protection" did not contain any

5    statement initialed by the service contract holder disclosing the contract holder's right to return

6    the contract for a refund.

7    4.16    RCW 48.110.075(2)(e)(vi) states that VSCs "shall not be issued, sold, or offered

8    for sale in this state or sold to consumers in this state" unless the VSC contains such a statement

9    as referenced in the preceding paragraph.

10    4.17    "Services provided pursuant to a protection product guarantee" are included

11    within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the

12    corresponding statutory provisions of RCW 48.110, *et seq.*

13    4.18    The statutory requirement that VSCs contain initialed consumer disclosures as a

14    prerequisite to being "issued, sold, of offered for sale" to consumers in Washington imposes an

15    obligation on sellers, providers, issuers, and their insurers to ensure meaningful disclosure of

16    product limitations, consumer rights, and available remedies.

17    4.19    The Defendants issued, sold, or offered for sale VSCs Ms. Anderson and at least

18    100 other Washington consumers through various entities without fulfilling the statutory

19    prerequisites to issuing, selling, or offering these products for sale, rendering them void *ab initio*.

20    4.20    The Defendants profited from their illegal sale and issue of noncompliant VSCs to

21    Washington consumers, including Ms. Anderson.

22    4.21    The Defendants' actions and inactions constitute violations of Washington's

23    Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act

24    (CPA), RCW 19.86, *et seq.*

25

COMPLAINT FOR DAMAGES - Page 5 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    4.22    The Defendants' actions and inactions caused Ms. Anderson and other

2 Washington consumers to suffer injuries to their business and property in an amount to be

3 proven at trial.

4    4.23    In addition to an award of damages, Ms. Anderson seeks an order enjoining the

5 Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

6    4.24    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable

7 restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of

8 noncompliant VSCs and PPGs to Washington consumers.

9    4.25    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action

10 against Defendant Virginia Surety Company, Inc., as the insurer issuing the applicable service

11 contract and/or protection product guarantee reimbursement insurance policy.

12                              **V.  CLASS ALLEGATIONS**

13    5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

14 1.1 through 4.25, above.

15    5.2    This action is brought on behalf of a class consisting of:

16        5.2.1    All persons, as the term "person" is defined in RCW 19.86.010(1);

17        5.2.2    who paid for a vehicle "Service Contract," as that term is defined in RCW

18    48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW

19    48.110.020(11);

20        5.2.3    that was issued and/or sold by Defendant NWS in Washington;

21        5.2.4    in which the "Service Contract" or "Protection Product Guarantee" did not

22    contain one or more of the mandatory consumer disclosures enumerated in RCW

23    48.110.075(2)(e)(i) – (vi);

24        5.2.5    within the four (4) years prior to the commencement of this lawsuit;

25        5.2.6    through the date the class is certified.

COMPLAINT FOR DAMAGES - Page 6 of 10

1    5.3    The Plaintiff has the same claims as the members of the class. All of the claims

2    are based on the same factual and legal theories.

3    5.4    The Plaintiff will fairly and adequately represent the interests of the class

4    members. She is committed to vigorously litigating this matter.

5    5.5    Neither the Plaintiff nor her counsel has any interests which might cause them not

6    to vigorously pursue this claim.

7    5.6    The identities of all class members are readily ascertainable from the transaction

8    records of the Defendants.

9    5.7    Excluded from the class are the Defendants and all officers, members, partners,

10    managers, directors, and employees of the Defendants and their respective immediate families,

11    as well as legal counsel for all parties and the judge assigned to this action and all members of

12    their immediate families.

13    5.8    A class action is a superior method for the fair and efficient adjudication of this

14    controversy.

15    5.9    Class-wide damages are essential to induce the Defendants to comply with the

16    law.

17    5.10    The interest of the class members in individually controlling the presentation of

18    separate claims against the Defendants is small, because the amounts of damages suffered by

19    each individual class member is relatively small.

20    5.11    Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil

21    Rules is appropriate. A class action is the only appropriate means of resolving this controversy

22    because the class members are not aware of their rights, the class is comprised of a largely

23    vulnerable population, and the amounts of available damages for many of the class members

24    may be relatively small. In the absence of a class action, a failure of justice will result.

25

COMPLAINT FOR DAMAGES - Page 7 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

## VI.  CLAIMS FOR RELIEF

### Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, et seq.

6.1     The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 5.11, above.

6.2     The Defendants, through their conduct, have engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, et seq.

6.3     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, et seq., constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, et seq., involves matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86, et seq.

6.5     Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, et seq., is not reasonable in relation to the development and preservation of business.

6.6     Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter constitute violations of RCW 19.86, et seq.

6.7     The Defendants' conduct has caused injury to the Plaintiff in her business and/or property.

6.8     The Defendants' actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.9     As a result of these violations and injuries, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating her claims before the court.

COMPLAINT FOR DAMAGES - Page 8 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.315.4507

6.10    In addition to her request for an award of damages, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

**Second Cause of Action:**
**Unjust Enrichment**

6.11    The Defendants received cash benefits through their illegal sale and issue of noncompliant VSCs to Washington consumers, including the Plaintiff.

6.12    The cash benefits received by the Defendants through their illegal sale and issue of noncompliant VSCs were garnered at the expense of Washington consumers, including the Plaintiff.

6.13    It would be manifestly unjust for the Defendants to retain the cash benefits garnered through their illegal sale and issue of noncompliant VSCs.

6.14    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal sale and issue of noncompliant VSCs to Washington consumers.

**VI. RELIEF REQUESTED**

WHEREFORE, the Plaintiff prays for relief as follows:

7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation of Washington law are void *ab initio*;

7.3    For disgorgement and/or refund of amounts received from consumers for VSC and PPG products that were issued, sold, or offered for sale in violation of Washington law, for each member of the putative class;

7.4    For exemplary damages pursuant to RCW 19.86.090;

COMPLAINT FOR DAMAGES - Page 9 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as

2  provided by applicable statutes;

3    7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating

4  further violations of RCW 48.110, *et seq.*

5    7.7    For restitution and/or disgorgement of monies garnered by the Defendants

6  through their prohibited conduct.

7    7.8    For such other relief as the Court may deem just and equitable.

8

9

10

11    DATED this _27th_ day of _October_____, 2023.

12

13    CAMERON SUTHERLAND, PLLC

14

15    SHAYNE SUTHERLAND, WSBA #44593
    BRIAN CAMERON, WSBA #44905

16    *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES - Page 10 of 10